UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R&M ENTERPRISES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-03639 |
| § | |
| AMERICAN SOUTHERN INSURANCE § | |
| COMPANY, AND § | |
| ASSURANCE RESOURCES, INC. § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Before the Court is Defendant American Southern Insurance Company's ("American Southern") Motion to Dismiss under FED. R. CIV. P. 12(b)(6), Doc. 6, Plaintiff, R&M Enterprises' ("R&M") Response, Doc. 9, American Southern's Motion to Strike R&M's First Amended Complaint, Doc. 15, R&M's Response and Motion for Leave to File R&M's First Amended Complaint, Doc. 19, and R&M's Supplement to its Motion for Leave, Doc. 25, American Southern's Motion to Dismiss R&M's First Amended Complaint under FED. R. CIV. P. 12(b)(6), Doc. 16, R&M's Response, Doc. 20, and Defendant Assurance Resources, Inc.'s ("Assurance") Motion to Dismiss under FED. R. CIV. P. 12(b)(1), Doc. 23. After considering these documents and the applicable law, the Court grants American Southern's initial Motion to Dismiss, Doc. 6, but grants R&M's Motion for Leave to File its First Amended Complaint ("FAC"), Doc. 19, rendering American Southern's Motion to Strike as moot, Doc. 15. Considering the remaining motions, the Court grants Assurance's Motion to Dismiss, Doc. 23, which moots American Southern's subsequent Motion to Dismiss, Doc. 16, and remands this case to state court.

## I. Background

On November 18, 2016, R&M filed its Original Petition in state court alleging that American Southern refused "to pay the costs to defend R&M, as required under the insurance policy" in accordance with "Section 1B– Contingent Liability Policy." Doc. 1 at 12, (Cause No. 2016-80160 in the 334th Judicial District Court of Harris County, Texas). R&M asserted the claims of breach of contract, promissory estoppel, suit on sworn account, violations of the Texas Deceptive Trade Practices Act, violation of the Texas Insurance Code Chapter 541, violation of Texas Insurance Code Chapter 542, and bad faith. *Id*. at 14–20. Attached to the petition were an affidavit from the firm who defended R&M, Martin, Disiere, Jefferson, & Wisdom L.L.P., (the "Firm"), stating that the firm defended R&M on behalf of American Southern, Ex. 1, the Firm's account statement to "Assurance Resources, Inc.," Ex. 2, the firm's invoices to "Assurance Resources, Inc.," Ex. 3A–3I, and an invoice for expert witness services, Ex. 4. *Id*. at 24–121. Subsequently, American Southern removed the case to this Court under diversity jurisdiction. *See* 28 U.S.C. § 1332; Doc. 1 at 2.

American Southern then filed its motion to dismiss and requests that the Court dismiss R&M's complaint for lack of standing and capacity to sue. Doc. 6. American Southern asserts that "the attachments to [R&M]'s Original Petition establish the attorney fees [R&M] bases its claims on were payable to the law firm of Martin, Disiere, Jefferson, & Wisdom L.L.P. and are owed by Assurance. . . ." *Id*. at 2. Because "[a]ll of [R&M's] claims arise from a third party's alleged failure to pay the attorney of another third party," American Southern asserts that R&M lacks standing to bring this suit and capacity to sue for these claims. *Id*. at 1–2. Therefore, American Southern asserts that R&M's "claims should be dismissed." *Id*. at 2. R&M responded. Doc. 9.

This Court issued a scheduling order setting the date to file motions for leave to amend pleadings and join new parties as June 30, 2017. Doc. 11. Next, the parties filed a joint case management plan wherein American Southern indicated that it intended to add Assurance "as a third-party defendant" following the resolution of American Southern's motion to dismiss. Doc. 10 at 2.[1]

More than twenty-one days after the American Southern's motion to dismiss, R&M filed its FAC, wherein it added a "negligent and fraudulent misrepresentation" claim against American Southern and joined Assurance, asserting claims "for breach of contract, unjust enrichment, money had and received, tortious interference with existing contract, violations of the Texas Deceptive Trade Practices Act, and misrepresentation" against Assurance. Doc. 13 at 12–13.

Among the attachments to the FAC is an unsigned renewal endorsement of R&M's limited liability policy. The liability policy lists the policy holder as R&M and the issuer as American Southern. Doc. 13-3 at 3, 5. The policy designates Assurance as the claims administrator, "Authorized Surplus Lines Agent," and the receiver of notices and suits concerning this policy. *Id.* at 4–5. And policy section I B contains the language, "**We** will pay **Your** legal defense in connection with a **Claim** of an **Eligible Person**." *Id.* at 10.

American Southern then filed its Motion to Strike the FAC as untimely, without written consent of American Southern, and without leave of court as required under FED. R. CIV. P. 15. Doc. 15. R&M responded by requesting leave to file its FAC. Doc. 19. R&M attached in support an e-mail from American Southern's counsel, suggesting that "[R&M] will need to seek these damages from [Assurance]" because Assurance "controlled all aspects of retention of all counsel

---

[1] American Southern also indicated that *American Southern Insurance Company v. Assurance Resources, Inc.*, Case Number 16-cv-01382, was related. Doc. 10 at 1. The Court takes judicial notice of the dispute between these parties over liability to pay the insurance claims from a motor vehicle-related injury.

on this claim and had a contractual obligation with our client to set aside premium dollars to pay these fees and costs." Doc. 19-1 at 2. The e-mail added, American Southern "had to shut down this related claims program because it lost substantial money, and they are out significant dollars." *Id*. R&M later supplemented its motion for leave. Doc. 25.

Subject to its Motion to Strike, American Southern filed a second motion to dismiss against the FAC asserting the same arguments presented in its earlier motion to dismiss. Doc. 16. R&M responded. Doc. 20.

Subsequently, Assurance filed a motion to dismiss under FED. R. CIV. P. 12(b)(1) asserting that the Court "lacks subject-matter jurisdiction" because "there is not complete diversity between the parties." Doc. 23 at 1. In support, Assurance attaches an affidavit from its president and its articles of incorporation, indicating that Assurance "is incorporated in the State [of] Texas and duly registered with the Texas Secretary of state." Doc. 23-1 at 2–6.

All motions are now ripe for adjudication.

## II.  Motion to Dismiss under 12(b)(6)

American Southern requests that the Court dismiss R&M's complaint under 12(b)(6) for lack of standing and capacity to sue because the debt is owed to the Firm from Assurance, not to R&M from American Southern. Doc. 6.

When a district court reviews a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "Dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim [is plausible

on its face] when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544 (citations omitted). A court may also review the documents attached to a motion to dismiss if the complaint refers to the documents and they are central to the claim. *Kane Enters v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

But "[w]hen a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under rule 15(a) before dismissing the action." *Champlin v. Manpower Inc.*, No. 4:16-CV-421, 2016 WL 3017161, at *2 (S.D. Tex. May 26, 2016) (citing *Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

To bring a breach of contract and related claims, a party must have standing, usually by being a party to the contract. *See Kiper v. BAC Home Loans Servicing, LP*, No. 4:11-CV-3008, 2012 WL 5456105, at *2 (S.D. Tex. Nov. 6, 2012), *aff'd sub nom. Kiper v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 266 (5th Cir. 2013).

American Southern asserts that R&M lacks standing because "neither R&M nor American Southern has any interest in the underlying dispute." Doc. 6 at 5. In support of its

motion to dismiss, American Southern alleges that R&M's exhibits to its Original Petition demonstrate that the debt is owed to "Assurance Resources, Inc." from the "law firm of Martin, Disiere, Jefferson, & Wisdom L.L.P."[2] *Id*. at 2. Therefore, American Southern asserts that the dispute is between these third parties and should be dismissed.

R&M's exhibits negate its assertions against American Southern in its Original Petition. *See MacGregor*, 322 F.3d at 374. The Original Petition makes numerous counts against American Southern and the affidavit of the Firm asserts that the "litigation" was "on behalf of the defendant[] American Southern." Doc. 1 at 24. But, attached to the affidavit are invoices sent to Assurance, not American Southern. *Id*. at 24–121. The exhibits do not show how or if American Southern was involved in the transaction.[3] *See Kiper*, 2012 WL 5456105, at *2. Because the exhibits contradict R&M's bare allegations, the Court holds that R&M lacks standing to sue American Southern. *See generally MacGregor*, 322 F.3d at 374. In having found R&M lacks of standing, the Court need not consider whether it lacked capacity to sue Americans Southern. Thus, the Court **GRANTS** American Southern's Motion to Dismiss.

---

[2] American Southern incorrectly asserts that the debt owing to the Firm is not actionable. An insurer becomes liable when it wrongfully rejects its defense obligation, even prior to submission of the costs for that defense. *See Trammell Crow Residential Co. v. Virginia Sur. Co., Inc.*, 643 F. Supp. 2d 844, 859 (N.D. Tex. 2008) (citing *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 19–20 (Tex. 2007)); *see also Cox Operating, L.L.C. v. St. Paul Surplus Lines Ins. Co.*, 795 F.3d 496, 508–09 (5th Cir. 2015) (discussing steps insurers must take and point at which interest begins to accrue under the Texas Prompt Payments Act). American Southern allegedly became liable when it wrongly rejected a defense obligation owed to R&M, if any. Whether R&M's defense firm is still owed money directly is irrelevant to the present analysis.

[3] Without the subsequent contract R&M attached to the FAC, the evidence does not show that Assurance is allegedly American Southern's agent as claims administrator or that American Southern allegedly contracted with R&M. Without evidence that American Southern contracted either directly or through Assurance, R&M lacked standing to sue American Southern. *See Kiper v. BAC Home Loans Servicing, LP*, No. 4:11-CV-3008, 2012 WL 5456105, at *2 (S.D. Tex. Nov. 6, 2012), *aff'd sub nom. Kiper v. BAC Home Loans Servicing, L.P.*, 534 Fed. Appx. 266 (5th Cir. 2013).

But the Court has often given a plaintiff one chance to amend, and the Court does so here. *See Champlin*, 2016 WL 3017161, at *2. Accordingly, the Court

**GRANTS** R&M's motion for leave to file its FAC.

### III. Motion to dismiss under 12(b)(1)

Assurance asserts that the Court lacks subject-matter jurisdiction because both R&M and Assurance are Texas corporations. Doc. 23 at 1–2. R&M also alleges that Assurance is a Texas corporation in its FAC: R&M concedes that "Assurance is a Texas defendant," so "the Court faces a jurisdictional defect," Doc. 13 at 2. And in its supplement to its motion for leave, R&M also concedes that joinder of Assurance "would destroy the Court's diversity jurisdiction and require remand." Doc. 25 at 1. Because neither Assurance nor R&M contest Assurance's status as a Texas defendant, the Court finds that Assurance is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1).

Under 28 U.S.C. §1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs. *Id*. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); Doc. 25 at 1–2.

Where the nondiverse parties were joined ***after*** the case was removed, not before, the standard is not whether the new parties were fraudulently joined, but whether the Court, when "confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party" to be joined. *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. 1987), *appeal after remand*, 869 F.2d 879 (5th Cir. 1989), *cert. denied*, 493 U.S. 851 (1989); *see* 28 U.S.C. § 1447(e). "The court should 'scrutinize that amendment

more closely than an ordinary amendment' and 'consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768–69 (5th Cir. 2016) (citing *Hensgens*, 833 F.3d at 1182).

The court should consider four equitable factors on whether to allow joinder: "[(1)] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [(2)] whether plaintiff has been dilatory in asking for amendment, [(3)] whether plaintiff will be significantly injured if amendment is not allowed, and [(4)] any other factors bearing on the equities." *Id.* (citing *id.*). For the first factor, courts have considered whether the claim asserted was a ruse to defeat jurisdiction, whether plaintiff knew of the identity of the added party at the filing of the state court petition, how soon after removal the petition was amended, and if the amendment was filed prior to a plaintiff's motion to remand. *See Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 716–17 (W.D. Tex. 2014). For the second factor, courts have considered the "time between the original state court action and the request to amend, and the time between removal and the request," the stage of litigation, and whether trial or pre-trial dates have been scheduled. *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (holding amendment six months after initial filing was not dilatory); *see Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d at 720–21 (concerning stage of litigation and scheduling). For the third factor, courts have whether the plaintiff can obtain complete relief absent the amendment and whether the plaintiff will be forced to litigate against the non-diverse defendants in a different court system with different timetables and procedural rules. *Id*. at 721.

"If [the court] permits the amendment of the nondiverse defendant, then it must remand to the state court, [but i]f the amendment is not allowed, the federal court maintains jurisdiction."

*Hensgens*, 833 F.3d at 1182; *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (affirming *Hensgens* as the correct legal standard to determine whether joinder of non-diverse parties should be permitted after removal).

In the FAC, R&M concedes that it creates a federal jurisdiction problem when it amended the FAC to include Assurance as a defendant. Doc. 13. In its supplement to the Motion for Leave to file the FAC, R&M suggests that it meets all the factors necessary to approve the amendment and remand the case to state court. Doc. 25 at 4. As to the first factor, R&M suggests that the amendment was not intended to defeat jurisdiction because R&M alleges that its claims are "facially valid" and R&M did not know "the extent and nature of Assurance's involvement in this matter or the specifics of its relationship with American Southern until after the case was removed." *Id*. at 5. Upon removal, R&M alleges that it learned of the grounds to sue Assurance following American Southern's comments in the joint discovery plan: American Southern considered adding Assurance as a third-party defendant. *Id*. at 10. As to the second factor, R&M alleges it was not dilatory because it filed its FAC "less than six months after the state court suit was filed and five months after the notice of removal . . . shortly after learning new information about Assurance." *Id*. at 11–12. As to the third factor, R&M alleges that it will be injured because "American Southern has 'lost substantial money, and they are out significant dollars,'" and pursuing Assurance in state court would "result in parallel judicial proceedings that would increase costs, lead to judicial inefficiency, and may produce conflicting results." *Id*. at 14. Fourth, as to the equitable factors, R&M suggests two "main points:" (1) "because the claims against American Southern are based on state law, there is no reason to anticipate that the state court would not or could not make fair determinations on the matters at issue"; and (2) "American Southern has already disclosed its intent to join Assurance as a party defendant in this

case, which will ultimately destroy the Court's diversity jurisdiction" by allowing R&M to assert claims against Assurance. *Id*. at 15 (citing *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (holding that district court lacked supplemental jurisdiction over a defendant-added third-party defendant when original jurisdiction was based on diversity). Thus, R&M requests that the Court allow the joinder of Assurance, and remand the case to state court. *Id*. at 16.

The Court agrees that the factors weigh in R&M's favor. The first factor is whether the purpose of the amendment was to defeat federal jurisdiction. *Hensgens*, 833 F.3d at 1182. Even presuming that R&M knew of Assurance's involvement, as evidenced by the Firm's invoices, the remaining facts weigh in favor of amendment: the claims against Assurance are facially valid, the Original Petition was not amended quickly after removal, and the FAC was filed prior to a plaintiff's a suggestion of remand in its supplemental motion. *See Boyce*, 992 F. Supp. 2d at 716–17; Doc. 25. Thus, the Court holds that the purpose of the amendment was not to defeat federal jurisdiction. *See Boyce*, 992 F. Supp. 2d at 716–17.

The second factor, whether plaintiff has been dilatory in asking for amendment, also weighs in favor of the amendment. *Id.* The Court agrees that filing an FAC within six months of the original petition and five months of removal is not dilatory. *See Lowe*, 2010 WL 3359525, at *2. And while the Court has issued a scheduling order setting dates, litigation has not proceeded beyond filing the complaint and 12(b) challenges to the complaint. *See Boyce*, 992 F. Supp. 2d at 720–21. Thus, the Court holds that R&M was not dilatory in asking for the amendment.

Next, the third factor, whether plaintiff will be significantly injured if amendment is not allowed, is neutral to the amendment. *Id*. at 721. The Court agrees that parallel state and federal proceedings would not be efficient, but R&M could theoretically obtain full relief from American Southern as the allegedly contracting insurer. *See id*. American Southern's counsel's

statement in an e-mail is not conclusive of American Southern's inability to pay a judgment, which R&M concedes. Doc. 25 at 14. Thus, the Court does not hold R&M will be injured if amendment is not allowed.

And the fourth open factor weighs in favor of amendment. The Court agrees that the record indicates that American Southern also believes Assurance is responsible for the disputed defense costs. In its motion to dismiss, American Southern's ground for R&M's lack of standing is in part because Assurance failed to pay the Firm. Doc. 6 at 1–2. Also, in an e-mail allegedly from its counsel, American Southern suggests that "[R&M] will need to seek these damages from [Assurance]." Doc. 1-1 at 2. Next, in the joint case management plan, American Southern indicated that it intended to add Assurance "as a third-party defendant" following the resolution of American Southern's motion to dismiss. Doc. 10 at 2. And American Southern's allegation and intended action is consistent with the contract attached to the FAC, which designates Assurance as the claims administrator, "Authorized Surplus Lines Agent," and the receiver of notices and suits concerning this policy. Doc. 13-3 at 4–5. But American Southern has not added Assurance as a third-party defendant, so the Court need not consider whether that addition would destroy diversity, as R&M suggests. *See Yates*, 391 F.3d at 579. Instead, American Southern's assertion that Assurance should be joined as a third-party defendant sufficiently favors allowing R&M's amendment to join Assurance. *See Hensgens*, 833 F.3d at 1182; *Boyce*, 992 F. Supp. 2d at 720–21. Thus, the Court holds that the fourth factor weighs in favor of amendment.

Thus, the Court concludes that it should allow R&M to add Assurance as a party, even though the action divests the Court of its jurisdiction. And having lost its jurisdiction, the Court declares that all other pending motions in the case are moot. Accordingly, the Court

**GRANTS** Assurance's Motion to Dismiss, Doc. 23, and **REMANDS** this case to state

court.

## IV. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. American Southern's first Motion to Dismiss is **GRANTED**, Doc. 6.; but

2. R&M's Motion for Leave to File R&M's First Amended Complaint, Doc. 19, is **GRANTED**;

3. American Southern's Motion to Strike R&M's First Amended Complaint, Doc. 15, is **MOOT**;

4. Assurance's Motion to Dismiss for lack of jurisdiction, Doc. 23, is **GRANTED**;

5. American Southern's Motion to Dismiss R&M's First Amended Complaint under FED. R. CIV. P. 12(b)(6), Doc. 16, is **MOOT**; and

6. This case should be **REMANDED** to state court under Cause No. 2016-80160 in the 334th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, this 25th day of January, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE